IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PHOTOGRAPHIC ILLUSTRATORS CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> FARRALANE LIGHTING & AUDIO, INC., <br><br> Defendant. | CIVIL ACTION NO.: |

## COMPLAINT AND JURY DEMAND

Plaintiff Photographic Illustrators Corporation ("PIC" or "Plaintiff") brings this civil action against Defendant Farralane Lighting & Audio Inc. ("Farralane" or "Defendant").

## THE PARTIES

1. PIC is a Massachusetts corporation with a place of business at 467 Sagamore Street, Hamilton, Massachusetts 01936.

2. Upon information and belief, Defendant Faralane is a New York corporation with an office located at 425 Oser Avenue, Unit 3B, Hauppauge, NY 11788.

## JURISDICTION AND VENUE

3. This is a civil action for injunctive relief and damages for violation of the copyright laws of the United States, 17 U.S.C. §§ 101, et seq.; the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201, et seq.; et seq.; and for unfair and deceptive trade practices in violation of Mass. Gen. L. ch. 93A. Jurisdiction over the state law claim is proper under 28 U.S.C. § 1367.

4. The amount in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338.

5. Farralane does business in Massachusetts.

6. Farralane operated the website www.farralane.com ("Farralane's Website") and operates other online websites.

7. Farralane's Website was accessible from Massachusetts.

8. Through its website www.farralane.com, Farralane advertised, sold, and offered for sale lighting products to online visitors, including online visitors located in Massachusetts, and invited visitors to its website to create online accounts.

9. Farralane's Website did not exclude Massachusetts consumers from visiting, interacting with, or making purchases through the website.

10. This Court has personal jurisdiction over Farralane because Farralane: has transacted business in Massachusetts; has contracted to supply products in Massachusetts; and has injured PIC in Massachusetts by reproducing and distributing PIC's copyrighted images on Farralane's Website (which was accessible in Massachusetts) to advertise and sell products.

11. Venue is proper in this judicial district under 28 U.S.C. §§ 1391.

## PIC'S COPYRIGHTED IMAGES

12. PIC specializes in photography, including photography of consumer products for catalogs, advertising, and product packaging.

13. Over a span of years dating back to the 1960s, various companies, including Osram Sylvania, Inc. ("Sylvania"), have retained PIC to photograph certain of their products.

14. PIC authored the 19 photographic images referenced in this Complaint (the "PIC Images") (attached as Exhibit A).

15. Each of the PIC Images is a photograph that PIC created of a Sylvania product.

16. PIC retains ownership of all right, title, and interest in the copyrights for the PIC Images.

17. All of the PIC Images were made the subject of applications which matured into United States Copyright Registration Certificate Nos. VA 1-880-539; VA 1-916-402; VA 1-916-404; VA 1-916-412; VA 1-916-418; VA 1-916-448; VA 1-916-450; VA 1-916-456; VA 1-917-076; VA 1-917-079; VA 1-917-085; VA 1-917-100; and VA 1-917-103 (attached as Exhibit B).

18. Farralane's infringement of the copyright in each PIC Image began after PIC's first publication of that PIC Image.

19. Before publishing the PIC Images, PIC attaches, or includes therewith, the name of the author (Paul Kevin Picone), copyright owner (P.I. Corp.) and copyright notice (collectively, "PIC Copyright Management Information" or "PIC CMI"), as shown in the examples below:



20. PIC followed this practice when providing its images to Sylvania, including for the PIC Images.

21. For example, PIC provided to Sylvania the PIC Image entitled "4_Pin_Dulux.jpg" with PIC Copyright Management Information attached or included therewith, as shown below. This PIC Image was registered with the Copyright Office on June 19, 2013 (Reg. No. VA 1-880-539)



4_Pin_Dulux.jpg

22. Sylvania at least sometimes uses PIC Copyright Management Information on images authored by PIC, as shown in Exhibit C.

23. When Sylvania provides copies of images authored by PIC to its distributors, it at least sometimes does so with PIC Copyright Management Information attached or included therewith, as demonstrated by the presence of PIC Copyright Management Information on or associated with images used by those distributors in Exhibit D.

## FARRALANE'S UNAUTHORIZED ALTERATION AND USE OF PIC IMAGES

24. At least 34 webpages from Farralane's Website displayed a partial or whole copy of one of the PIC Images ("Accused Images").

25. Each of the captured webpages in Exhibit E was owned and operated by Farralane.

26. Each of the captured webpages in Exhibit E includes an Accused Image.

27. On information and belief, Farralane altered copies of the PIC Images. The PIC Images were altered using image editing software, such as "Adobe Photoshop." PIC's unique orientation of the products, the location of the shadows and reflections, and the pattern of the background are visible in multiple Accused Images despite Farralane's removal of products in the PIC Images or other attempts to change the PIC Images. Vestiges of these unique elements in the PIC Images are visible in multiple Accused Images, despite unsuccessful attempts by Farralane to remove them.

28. Each of the captured Farralane webpages in Exhibit E includes an Accused Image without the PIC Copyright Management Information.

29. Thus, even though PIC provides PIC Images to Sylvania with the PIC Copyright Management Information, and even though Sylvania at least sometimes uses PIC Images with the PIC Copyright Management Information, and even though Sylvania at least sometimes supplies PIC Images to its distributors with PIC Copyright Management Information attached, Farralane nevertheless displayed PIC Images on Farralane's Website without the PIC Copyright Management Information.

30. On information and belief, Farralane removed PIC Copyright Management Information from at least some of the PIC Images.

31. 26 of the captured Farralane webpages in Exhibit E use Accused Images to advertise products of companies other than Sylvania.

32. For example, in the table below, the PIC Image on the top left was registered with the Copyright Office on June 19, 2013 (Reg. No. VA 1-880-539). The image on the top right is used to advertise a non-Sylvania (i.e., Techni-Lux) product on the webpage of Defendant's website pictured in the second row. The image on the top right also lacks PIC Copyright Management Information.

| PIC Image | Accused Image (Farralane's Infringing Copy) |
|---|---|
|  4_Pin_Dulux.jpg | |
|  http://www.farralane.com/store/p-7807-techni-lux-lcf32dte830-o-fluorescent-32w-3000k-gx25q-3-lamp.aspx | |

33. PIC did not provide any PIC Images to Farralane.

34. PIC did not provide the Accused Images to Farralane.

35. On information and belief, Sylvania did not provide any PIC Images to Farralane.

8

36. On information and belief, Sylvania did not provide the Accused Images to Farralane.

37. PIC never authorized Farralane to use the Accused Images.

38. On information and belief, Sylvania never authorized Farralane to use the Accused Images.

39. Sylvania never authorized Farralane to use Accused Images without the PIC Copyright Management Information.

40. Sylvania never authorized Farralane to use Accused Images to advertise products of companies other than Sylvania.

41. Farralane has copied, distributed, and/or used on Farralane's Website—and continues to copy, distribute, and/or use on its other websites—the Accused Images to advertise and sell products.

42. Farralane has never been, and is not currently, licensed or otherwise authorized by PIC to copy, distribute, and/or use the Accused Images.

43. Farralane has never been, and is not currently, licensed by Sylvania to copy, distribute, and/or use the Accused Images, let alone to do so without the PIC Copyright Management Information or to advertise non-Sylvania products.

**DAMAGE TO PIC'S BUSINESS AND REPUTATION**

44. PIC's photography services and images enjoy an excellent reputation and have gained great value and recognition in the marketplace.

45. For over three decades PIC has done business under the PIC name and has used the name of PIC's President, Paul Kevin Picone, in connection with PIC's services. Through PIC's longstanding practice of attaching to each published PIC Image, or including therewith,

9

the names "P.I. Corp." and "Paul Kevin Picone," consumers have come to associate these names with high-quality photography. PIC thus has common law trademark rights in the P.I. CORP. and PAUL KEVIN PICONE marks ("PIC Marks").

46. PIC relies on the PIC Marks and Copyright Management Information that it attaches to each of its images, or includes therewith, as its primary mode of advertising. Potential customers seek out and contact PIC using this information.

47. PIC is not affiliated with Farralane and has not approved any of Farralane's uses of or alterations to PIC Images.

48. By removing the PIC Marks and Copyright Management Information from the PIC Images, Farralane has removed PIC's primary advertisement vector, thereby depriving PIC of business opportunities.

## COUNT I
### (Copyright Infringement, 17 U.S.C. § 501)

49. PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

50. Farralane has infringed PIC's copyrights in its PIC Images, in violation of 17 U.S.C. § 501, by copying, distributing, and/or using PIC Images without license or other authorization.

51. On information and belief, Farralane's infringement has been knowing and willful.

52. Farralane's infringement has damaged PIC in an amount to be proven at trial.

53. Unless stopped by an injunction, Farralane will continue infringing PIC's copyrights in the PIC Images and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law. Therefore, PIC is entitled to injunctive relief.

## COUNT II
### (Integrity of Copyright Management Information, 17 U.S.C. § 1202)

54. PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

55. On information and belief, Farralane has intentionally removed or altered PIC Copyright Management Information for the PIC Images without PIC's authorization, and/or distributed copyright management information with knowledge that the PIC Copyright Management Information was removed or altered without PIC's authorization, in violation of 17 U.S.C. § 1202(b).

56. On information and belief, Farralane's violation of 17 U.S.C. § 1202 has been knowing and willful.

57. Farralane's violation of 17 U.S.C. § 1202 has damaged PIC in an amount to be proven at trial.

58. Unless stopped by an injunction, Farralane's behavior will continue and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law. Therefore, PIC is entitled to injunctive relief.

## COUNT III
### (Unfair And Deceptive Trade Practices, Mass. Gen. L. ch. 93A)

59. PIC repeats and re-alleges the allegations of the paragraphs above as though fully set forth herein.

60. Farralane is, and at all relevant times has been, engaged in commerce.

61. Farralane's acts and/or omissions as described above (and the center of gravity of those acts and/or omissions) occurred primarily and substantially in Massachusetts.

62. Farralane's acts and/or omissions as described above constitute unfair and deceptive trade practices under Mass. Gen. L. Ch. 93A.

63. Farralane's unfair and deceptive trade practices impact the public interest by causing consumer confusion.

64. Farralane's acts and/or omissions as described above were knowing and willful.

65. Farralane's unfair and deceptive trade practices damaged PIC in an amount to be determined at trial.

66. Unless stopped by an injunction, Farralane's behavior will continue and will cause PIC to suffer irreparable harm for which there is no adequate remedy at law. Therefore, PIC is entitled to injunctive relief.

## RELIEF REQUESTED

WHEREFORE, PIC requests that this Court:

A. Enter judgment that the Court has jurisdiction over the parties to and subject matter of this action.

B. Enter judgment that Farralane has infringed and continues to infringe PIC's copyrights in and to the PIC Images, pursuant to 17 U.S.C. § 501.

C. Permanently enjoin Farralane, including its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from further infringement of the copyrights in and to the PIC Images, pursuant to 17 U.S.C. § 502.

D. Order the recall, impounding, and destruction of all infringing copies made, used or distributed by Farralane in violation of PIC's exclusive rights in and to its PIC Images (and, in

the case of electronic copies, order that all such copies be deleted from the computers or other storage means on which they reside), pursuant to 17 U.S.C. § 503.

E. Direct Farralane to pay to PIC its actual damages and any additional profits realized by Farralane, pursuant to 17 U.S.C. § 504.

F. Order that, in the alternative to actual copyright damages, at PIC's election, Farralane shall pay PIC statutory damages pursuant to 17 U.S.C. § 504.

G. Enter judgment that Farralane has violated and continues to violate the Digital Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1202.

H. Permanently enjoin Farralane, including its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from further violations of the Digital Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1203(b)(1).

I. Order the impounding of all devices or products in the custody or control of Farralane that were involved in the violations of the Digital Millennium Copyright Act in relation to the PIC Images, pursuant to 17 U.S.C. § 1203(b)(2).

J. Direct Farralane to pay to PIC its actual damages and any additional profits realized by Farralane, pursuant to 17 U.S.C. §§ 1203(b)(3), 1203(c)(1)(A), and 1203(c)(2).

K. Order that, in the alternative to actual damages, at PIC's election, Farralane shall pay PIC statutory damages pursuant to 17 U.S.C. §§ 1203(b)(3), 1203(c)(1)(B), and 1203(c)(3)(B).

L. Enter judgment that Farralane has engaged and continues to engage in unfair and deceptive trade practices in violation of Mass. Gen. L. ch. 93A.

M. Direct Farralane to pay to PIC its damages sustained as a result of Farralane's unfair and deceptive trade practices.

N. Permanently enjoin Farralane, including its partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with them, from committing further unfair and deceptive trade practices, pursuant to Mass. Gen. L. ch. 93A.

O. Enter judgment that Farralane's copyright infringements and unfair and deceptive trade practices have been knowing and willful.

P. Enter judgment that Farralane's 17 U.S.C. § 1202(b) violations of the Digital Millennium Copyright Act have been knowing and intentional.

Q. Order Farralane to file and serve a report in writing, and under oath, setting forth the manner and form in which it has complied with the Court's order and injunction.

R. Award PIC its legal fees and costs in prosecuting this action, pursuant to 17 U.S.C. §§ 505, 1203(b)(5); Mass. Gen. L. ch. 93A, or other applicable law.

S. Award PIC treble damages pursuant to Mass. Gen. L. ch. 93A or other applicable law.

T. Award PIC such further relief as this Court may deem just and proper.

## JURY DEMAND

PIC hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

PHOTOGRAPHIC ILLUSTRATORS CORPORATION,

By its counsel,

Dated: November 12, 2015

*/s/ Michael N. Rader*
Michael N. Rader, BBO # 646990
mrader@wolfgreenfield.com
Turhan F. Sarwar, BBO # 686764
tsarwar@wolfgreenfield.com
Joshua J. Miller, BBO # 685101
jmiller@wolfgreenfield.com
Kimberly A. P. Cortes, BBO # 691406
kcortes@wolfgreenfield.com
WOLF, GREENFIELD & SACKS, P.C.
600 Atlantic Ave.
Boston, MA 02210
Tel: (617) 646-8000
Fax: (617) 646-8646